# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 20-40550
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gary Lance Youngblood,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CR-169-4

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Gary Lance Youngblood, federal prisoner # 30374-177, appeals the dismissal of his motion for compassionate release, which he filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court determined it had no jurisdiction. The Government, although not explicitly conceding error by the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40550

district court, asserts that the district court should have denied Youngblood's motion for compassionate release on the merits rather than dismissing the motion on jurisdictional grounds.

The jurisdictional issue was settled by a decision we handed down after the district court dismissed the motion. *See United States v. Shkambi*, 993 F.3d 388, 389-90 (5th Cir. 2021). There, we determined that the district court had erred in dismissing a federal prisoner's Section 3582(c)(1)(A) motion for lack of jurisdiction. In rejecting the district court's conclusions, we observed that Section 3582 motions are similar to postconviction motions filed under 28 U.S.C. § 2255 in that they are filed in the same docket as the prisoner's criminal judgment, and there necessarily is jurisdiction to consider them. *Id.* at 390. Further, even though a district court's ability to modify a defendant's sentence under Section 3582 is limited to those specific circumstances enumerated by Congress, "not all legal limits are *jurisdictional* ones." *Id.* Consequently, the district court had jurisdiction over Youngblood's § 3582(c)(1)(A) motion because Youngblood "properly filed it in a court that had the power to grant it." *Id.*

The Government asserts that this court should affirm on alternative grounds because the record shows that Youngblood is not eligible for compassionate release. The Government contends that the commentary to the United States Sentencing Guidelines Section 1B1.13, p.s., is applicable to Youngblood's motion and is binding. Youngblood argues that Section 1B1.13 is inapplicable to his compassionate release motion.

We also have resolved this issue, holding that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *Id.* at 393. Instead, the district court's decision on compassionate release is governed by Section 3582(c)(1)(A)(i) and the sentencing factors in 18 U.S.C. Section 3553(a). *Id.*

No. 20-40550

Thus, the district court erred in its jurisdictional ruling, in considering Section 1B1.13 and its commentary to be binding, and in not analyzing if the Section 3553(a) factors support a sentence reduction.

The dismissal of Youngblood's Section 3582(c)(1)(A) motion is VACATED. Youngblood's motion to appoint Federal Public Defender Samantha J. Kuhn as appellate counsel is DENIED as moot. His motion to remand is GRANTED, and we order further proceedings consistent with this opinion.